```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

              - v. -               :    S1 07 Cr. 1043 (LBS)

JOSE MINAYA,                       :
     a/k/a "Jose Minalla,"
     a/k/a "Chichi,"               :

              Defendant.           :

- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

                                        MICHAEL J. GARCIA
                                        United States Attorney
                                        Southern District of New York
                                        Attorney for the United States
                                             of America

TODD BLANCHE
PARVIN MOYNE
MIRIAM ROCAH

Assistant United States Attorneys
   - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

          - v. -                  :    07 Cr. 1043 (LBS)

JOSE MINAYA,                      :
     a/k/a "Jose Minalla,"
     a/k/a "Chichi,"              :

               Defendant.         :

- - - - - - - - - - - - - - - - -x
```

### GOVERNMENT'S PROPOSED
### EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

### The Charge

1. This is a criminal case. Jose Minaya, a/k/a "Jose Minalla," a/k/a "Chichi," the defendant, has been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this district. The Indictment charges the

defendant with conspiring to distribute, and to possess with intent to distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, 50 grams and more of mixtures and substances containing a detectable amount of crack, and heroin, from in or about 2004 through in or about August 2007.  Does any juror have any personal knowledge of the charge in the Indictment as I have described it?

    2.   The Indictment is not evidence.  It simply contains the charge that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.

    3.   Do any of you believe you have personal knowledge of the charge contained in the Indictment as I have described it?

### Nature of the Charge

    5.   As you can tell from my description of the charge, during the trial, you will hear evidence concerning the possession and sale of narcotics.  There will also be testimony about an attempted kidnapping in an effort to collect a narcotics-related debt.  Does the fact that the charges involve narcotics or testimony about kidnapping affect your ability to render a fair verdict?

    6.   Does any juror feel that he or she could not view fairly and impartially a case involving such charges?  Has any juror formed an opinion that the actions charged in the

Indictment, as I have described them to you, should not be crimes?

7. Do any of you have any opinion about the enforcement of federal narcotics laws generally that might prevent you from being fair and impartial in this case?

8. Has any juror been involved in an offense involving narcotics? Has any juror's relative, close friend or associate been involved in an offense involving narcotics?

### Knowledge of the Trial Participants

9. Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, Jose Minaya, a/k/a "Jose Minalla," a/k/a "Chichi," the defendant, or with any relative, friend or associate of the defendant? [Please ask the defendant to stand as his name is called.]

10. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

11. Defendant Jose Minaya, a/k/a "Jose Minalla," a/k/a "Chichi," is represented by Elizabeth Macedonio, Esq., who works at 42-40 Bell Boulevard, Suite 302, Bayside, New York 11361. [Please ask Ms. Macedonio to stand as her name is called.] Do any of you know Ms. Macedonio or anyone associated with her? Has any juror had any dealings with her, either directly or indirectly?

12. Does any juror have any relatives, friends, associates, employers or employees who know or who have had any dealings with the defendant, or with any relative, friend or associate of the defendant?

13. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Parvin Moyne, Todd Blanche, and Miriam Rocah. They will be assisted throughout the trial by DEA Special Agent Joseph Dill, and Darci Brady, a paralegal with the United States Attorneys Office. [Please ask Mssrs. Blanche, Moyne, Rocah, Dill, and Brady to stand as their names are called.] Do any of you know Mr. Garcia, Mr. Blanche, Ms. Moyne, Ms. Rocah, Mr. Dill, or Ms. Brady? Have any of you had any dealings, either directly or indirectly, with any of these individuals?

14. Does any juror know, or has any juror had any dealings, either directly or indirectly, with any of the following persons who may be witnesses or whose names may be mentioned in this case:

**[A list will be supplied prior to jury selection.]**

4

**Relevant Location**

15. The conduct at issue in this case took place in the vicinity of the following locations:

*[A list of relevant locations will be provided .]*

Does any juror know of, or has any juror visited, these locations?

**Relationship with Government**

16. Do any of you know, or have any association — professional, business, or social, direct or indirect — with any member of the staff of the United States Attorney's Office for the Southern District of New York, the U.S. Drug Enforcement Administration, or the New York City Police Department?  Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

17. Has any juror, either through any experience he or she has had, or anything he or she has seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office, the U.S. Drug Enforcement Administration, the New York City Police Department, or any other law enforcement agency?

18. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the

5

United States, including the U.S. Drug Enforcement Administration?  Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

19.  Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the New York City Police Department, or any other law enforcement agencies?  Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

20.  Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice for or against the United States Attorney's Office for the Southern District of New York, the U.S. Drug Enforcement Administration, the New York City Police Department, or any other law enforcement agency?

### Prior Jury Service

21.  Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court?  If so, when and where did you serve?

22.  Have you ever served as a juror in a trial in any court?  If so, when, and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case?  Without saying what it was, did the jury reach a verdict?

## Experience as a Witness, Defendant, or Crime Victim

23. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

24. Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

25. Have you ever been a witness or a complainant in any federal or state prosecution?

26. Are you, or is any member of your family, any associate or close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

27. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

28. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

29. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully*

*requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]*

### Views on Witnesses and Investigative Techniques

30. <u>Law enforcement witnesses.</u>  The witnesses in this case may include law enforcement personnel, such as special agents of the DEA, and officers or detectives of the New York City Police Department.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

31. <u>Accomplice Witnesses</u>.  You may hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to various crimes and are testifying on behalf of the Government pursuant to a cooperation agreement.  I instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

32. <u>Expert Witness</u>.  You may hear testimony in this case by an expert witness.  Have any of you had any experiences with experts, or do you have any general feelings about the use

8

of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

33. <u>Particular Types of Evidence</u>. Does anyone have any expectations about whether certain types of evidence, such as DNA or fingerprint analysis, should be presented by the Government at a criminal trial? Would any of you be unable to follow my instructions that the Government is not required to use any particular technique investigating and presenting evidence of a crime?

34. <u>Persons not on trial</u>. The defendant is charged with acting with others. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial here. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

35. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or

prejudice, and according to the law as it will be explained to you?

### Other Questions

36. Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all the evidence at this trial?

37. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

38. Do any of you have any difficulty in reading or understanding English in any degree?

39. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Function of the Court and Jury

40. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the

Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

    41. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

    42. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in court may be used by you to determine the guilt or innocence of the defendant?

    43. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there anyone who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

    44. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve

conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

### Juror's Background

45.  The Government respectfully requests that the Court ask each juror to state the following information:

    a.  the juror's age;

    b.  the juror's family status (including whether the juror has any children or grandchildren and, if so, the ages of the children);

    c.  the county in which the juror resides and any other area the juror has resided during the last 10 years;

    d.  where the juror was born;

    e.  the juror's educational background, including the highest degree obtained;

    f.  whether the juror has served in the military;

    g.  the juror's occupation;

    h.  the name and general location of the juror's employer, and the period of employment with that employer;

    I.  the same information concerning other employment within the last five years;

    j.  the same information with respect to the juror's spouse and any working children (only current employer);

    k.  what newspapers and magazines the juror reads and how often;

### Requested Instruction Following Impaneling of the Jury

46. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

47. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you.

Please do not take offense.  They will be acting properly by doing so.

Dated:    New York, New York
          April 17, 2008

>                    Respectfully submitted,
>
>                    MICHAEL J. GARCIA
>                    United States Attorney for the
>                    Southern District of New York
>                    Attorney for the United States
>                    of America
>
> By:    _____
>                    Parvin Moyne
>                    Todd Blanche
>                    Miriam Rocah
>                    Assistant United States Attorneys
>                    (212) 637-2510/2494/2810

14

**AFFIRMATION OF SERVICE**

Todd Blanche, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on April 9, 2008, I caused one copy of the attached Proposed Voir Dire to be filed via the Court's electronic case filing system to:

>Elizabeth Macedonio, Esq.,
>
>42-40 Bell Boulevard, Suite 302
>
>Bayside, New York 11361.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   New York, New York
         April 17, 2008

*[signature]*
Todd Blanche