```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

              - v. -              :    S1 07 Cr. 1043 (LBS)

JOSE MINAYA,                      :
      a/k/a "Jose Minalla,"
      a/k/a "Chichi,"            :

              Defendant.         :

- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S REQUESTS TO CHARGE

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

TODD BLANCHE
PARVIN MOYNE
MIRIAM ROCAH
Assistant United States Attorneys

      - Of Counsel -

**TABLE OF CONTENTS**

REQUEST NO.                                                        PAGE

1          General Requests . . . . . . . . . . . . . . . 2

2          Summary of the Indictment  . . . . . . . . . . 3

3          The Charge in Count One: Narcotics Conspiracy –
           General Instructions (21 U.S.C. § 846) . . . . . 4

4          Count One: Narcotics Conspiracy – Time of the
           Conspiracy . . . . . . . . . . . . . . . . . . 6

5          Count One: Elements of Conspiracy  . . . . . . 7

6          Count One: First Element – Existence of the
           Conspiracy . . . . . . . . . . . . . . . . . . 9

7          Count One: Second Element – Membership in the
           Conspiracy . . . . . . . . . . . . . . . . . . 13

8          Count One: Object of the Conspiracy  . . . . . 18

9          Count One: Overt Acts. . . . . . . . . . . . . 21

10         Count One: Special Interrogatory on
           Drug Quantity  . . . . . . . . . . . . . . . . 22

11         Knowledge and Intent: Conscious Avoidance  . . 25

12         Venue. . . . . . . . . . . . . . . . . . . . . 28

13         Variance in Dates  . . . . . . . . . . . . . . 30

14         Particular Investigative Techniques
           Not Required [If Applicable]  . . . . . . . . 31

15         Use Of Evidence Obtained Pursuant To
           Arrest Or Search. . . . . . . . . . . . . . . 32

16         Law Enforcement Witnesses . . . . . . . . . . 33

17         Preparation of Witnesses . . . . . . . . . . .34

18         Use of Recordings  . . . . . . . . . . . . . . 35

i

19      Transcripts as Evidence . . . . . . . . . . .   36

20      Stipulation of Facts . . . . . . . . . . . .   37

21      Stipulation of Testimony . . . . . . . . . .   38

22      Persons Not On Trial Or Not Indicted . . . . .   39

23      Defendant's Right Not To Testify
        [If requested by defense] . . . . . . . . . .   41

24      Defendant's Testimony
        [Requested only if defendant testifies] . . .   42

25      Character Testimony [If Applicable] . . . . . .   43

26      Uncalled Witnesses -- Equally Available to Both
        Sides [If Applicable] . . . . . . . . . . .   44

27      Cooperator Testimony - Guilty Plea
        [If Applicable] . . . . . . . . . . . . . .   45

28      Acts and Statements of Co-Conspirators . . . .   46

29      Accomplice Testimony [If Applicable] . . . .   48

30      Limiting Instruction - Similar Act Evidence [If
        Applicable] . . . . . . . . . . . . . . . .   52

31      Sympathy: Oath As Jurors . . . . . . . . . .   54

32      Punishment Not To Be Considered By The Jury . .   55

CONCLUSION . . . . . . . . . . . . . . . . . . . .   56

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

              - v. -                  :    S1 07 Cr. 1043 (LBS)

JOSE MINAYA,                          :
      a/k/a "Jose Minalla,"
      a/k/a "Chichi,"                 :

              Defendant.              :

- - - - - - - - - - - - - - - - - -x


### <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

          The Government respectfully requests that the Court

include the following in its instructions to the Jury.

## REQUEST NO. 1
## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Burden of Proof and Presumption Of Innocence.

e.   Reasonable Doubt.

f.   Jury's Recollection Controls.

g.   Inferences.

h.   Government Treated Like Any Other Party.

i.   Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

j.   Credibility Of Witnesses.

k.   Right to See Exhibits and Have Testimony Read During Deliberations.

l.   Sympathy: Oath Of Jurors.

m.   Punishment Is Not To Be Considered By The Jury.

n.   Verdict Of Guilt Or Innocence Must Be Unanimous.

2

**REQUEST NO. 2**
**Summary of the Indictment**

The defendant, JOSE MINAYA, is charged in a one-count Indictment.  The Indictment charges him with conspiring with others to distribute and to possess with the intent to distribute 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack", and mixtures and substances containing a detectable amount of heroin.  This conspiracy is alleged to have taken place in or about 2004 through and including in or about August 2007.  As I instructed you earlier, the Indictment is a charge or accusation.  It is not evidence.

<u>REQUEST NO. 3</u>
**The Charge in Count One:  Narcotics Conspiracy —
<u>General Instructions (21 U.S.C. § 846)</u>**

The Indictment charges JOSE MINAYA with participating in a conspiracy to violate the narcotics laws of the United States.  Count One charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count One of the redacted Indictment (which the Government will provide), up to the overt acts.]*

The Indictment also lists overt acts that are alleged to have been committed in furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy — or agreement — to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find JOSE MINAYA guilty of the crime of conspiracy to distribute or to possess cocaine, crack or heroin with intent to distribute it — in other words, agreeing to distribute or to possess with intent to distribute cocaine, crack or heroin — even if there was no *actual* distribution or

4

possession with the intent to distribute cocaine, crack, or heroin.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Sand, et al., Modern Federal Jury Instructions, Instr. 19-2.

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 4**
**Count One: Narcotics Conspiracy — Time of Conspiracy**

The Indictment charges that the conspiracy existed from in or about 2004 through and including in or about August 2007.  It is not essential that the Government prove that a conspiracy started and ended on a specific date.  It is sufficient if you find that in fact a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991), and from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993).

**REQUEST NO. 5**
**Count One: Elements of Conspiracy**

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant, JOSE MINAYA, knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v.
> Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> Under Section 846, it is not necessary
> for the Government to allege or prove
> even one overt act.  See United States
> v. Shabani, 115 S. Ct. 382, 385 (1994)
> (Government need not prove commission of

7

any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

**REQUEST NO. 6**
**Count One: First Element**
**Existence of the Conspiracy**

Now, let us turn to the first element that the Government must establish beyond a reasonable doubt, the existence of the conspiracy. What is a conspiracy? Simply defined, a conspiracy is an agreement by two or more persons to violate the law. The gist, or the essence, of the crime is the unlawful combination or agreement to violate the law. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

9

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

10

Often, the only evidence available is that of disconnected acts which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in this Indictment actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

11

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

> Adapted from the charge of
> Judge Sand in United States v.
> Clemente, Tr. 12611-14.

12

**REQUEST NO. 7**
**Count One: Second Element**
**Membership in the Conspiracy**

If you conclude that the Government has proven
beyond a reasonable doubt that the conspiracy charged in
Count One existed, you must next determine the second
question, and that is whether the defendant participated in
the conspiracy with knowledge of its unlawful purposes and
in furtherance of its unlawful objectives.

The Government must prove by evidence of the
defendant's own actions and conduct beyond a reasonable
doubt that he unlawfully, wilfully, and knowingly entered
into the conspiracy, the agreement, with a criminal intent,
that is, with a purpose to violate the law, and agreed to
take part in the conspiracy to further promote and cooperate
in its unlawful objectives.

**"Unlawfully," "Wilfully" and "Knowingly" Defined**

As to this element, the terms "unlawfully,"
"wilfully, and "knowingly" mean that you must be satisfied
beyond a reasonable doubt that in joining the conspiracy (if
you find that the defendant did join the conspiracy), the
defendant knew what he was doing -- that he took the actions
in question deliberately and voluntarily.

"Unlawfully" means simply contrary to law.  The
defendant need <u>not</u> have known that he was breaking any

13

particular law or any particular rule.  He needs only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "wilfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendant or in his presence.  The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purposes of the conspiracy.

JOSE MINAYA denies that he was a member of this conspiracy.  It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify

14

an inference of knowledge on his part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that the defendant know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  The defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.

15

In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture

16

until the venture is terminated, unless it is shown by some

affirmative proof that person withdrew and disassociated

himself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993), and from Sand, Modern Federal Jury Instructions, Instr. 19-6. See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted). See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); and United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

### REQUEST NO. 8
### Count One: Object of the Conspiracy

Count One of the Indictment charges that the object of the conspiracy was to distribute or possess with intent to distribute cocaine, crack and heroin.  I will now define for you the terms "distribution" and "possession with intent to distribute."

### "Distribution"

The word "distribution" means the process of actual, constructive or attempted transfer of a controlled substance, including sale.  "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person.  Distribution does not require a sale, but includes sales.

### "Possession With Intent to Distribute"

What does "possession with intent to distribute" mean?

### "Possession"

We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as

18

I possess this pen.  However, a person need not have actual, physical possession — that is, physical custody of an object — in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

**"Intent to Distribute"**

"Possession with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons. As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity

19

of narcotics does not necessarily mean that an individual intended to distribute them. On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large amount of it.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required. The offense alleged here is simply the conspiracy, or agreement, to distribute cocaine, crack, or heroin or the conspiracy, or agreement, to possess cocaine, crack or heroin with the intent to distribute it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from the charge of the Honorable John M. Walker in United States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession). See also Sand, et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

### REQUEST NO. 9
### Count One: Overt Acts

Count One of the Indictment contains a section entitled "overt acts."  You will have a copy of the Indictment with you while you deliberate.  Although the Indictment lists several overt acts, the Government need not prove that the defendant or any co-conspirators committed any overt act.  As I have told you, to prove a conspiracy, the Government need only prove the unlawful agreement, and the defendant's knowing participation in the conspiracy.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), and the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000).  See United States v. Shabani, 115 S.Ct. 382, 385 (1994); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

21

### REQUEST NO. 10
### Count One: Special Interrogatory on Drug Quantity

If, and only if, you find that the Government has proved beyond a reasonable doubt that JOSE MINAYA is guilty of participating in a conspiracy that had as its objective the distribution of cocaine or crack, or possession with intent to distribute cocaine or crack, you must then determine what quantity of cocaine or crack the conspiracy involved. [With respect to cocaine, you will be asked to determine whether the conspiracy involved 5 kilograms or more of cocaine, or an amount between 500 grams and 5 kilograms, but less then 5 kilograms.  With respect to crack, you will be asked to determine whether the conspiracy involved 50 grams or more of crack, or an amount between 5 grams and 50 grams, but less than 50 grams. ]

If you find that the Government has proved beyond a reasonable doubt that JOSE MINAYA is guilty of participating in a conspiracy that had as its objective the distribution of heroin, you will not be asked to determine any particular quantity with respect to heroin.

In making this determination of quantity with respect to cocaine or crack, you should include whatever quantity of cocaine or crack was involved in any act or acts in which JOSE MINAYA personally and directly participated. If you find that JOSE MINAYA personally and directly

22

participated in a jointly undertaken drug transaction, he is responsible for the full quantity of drugs involved in that transaction.

In making your determination about quantity, however, you should also include any other quantity of cocaine or crack the conspiracy involved so long as that quantity was either known to JOSE MINAYA or reasonably foreseeable to him, and within the scope of the criminal activity that he jointly undertook.

You need not determine the precise quantity. Instead, if you reach the question of quantity with respect to cocaine or crack, indicate on the verdict form whether the Government has established that the conspiracy involved (a) at least 5 kilograms of cocaine; or (b) at least 500 grams of cocaine, but less than 5 kilograms; (c) at least 50 grams of crack; or (c) at least 5 grams of crack, but less than 50 grams. If you conclude that the Government has not proven that the conspiracy involved at least 500 grams with respect to cocaine, or at least 5 grams of crack, then leave the part of the verdict form governing quantity blank.

Your finding as to quantity must be made beyond a reasonable doubt. In addition, it must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate. Thus, for example, if

all of you agree that the conspiracy involved 50 grams or more of crack, you should indicate "50 grams or more of crack." If, however, some jurors conclude that the conspiracy involved 5 grams or more of crack and the rest of the jurors conclude that it involved between 5 grams and 50 grams of crack, you may not indicate that the conspiracy involved "50 grams or more of crack." Under those circumstances, however, you may indicate "at least 5 grams of crack" because all of you would be in agreement that the conspiracy involved at least 5 grams of crack.

> See Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)(en banc); United States v. Gonzalez, 420 F.3d 111, 125 (2d Cir. 2005); United States v. Martinez, 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a co-conspirator "should not be sentenced for certain conspiratorial acts unless there is proof that he knew or should have known about the details of these conspiratorial acts"); United States v. Velasquez, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendant personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); United States v. Chalarca, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); United States v. Castrillon, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam) (same) (construing 21 U.S.C. § 846).

**REQUEST NO. 11**
**Knowledge and Intent: Conscious Avoidance**
[If Applicable]

I have just instructed you that the Government must prove beyond a reasonable doubt, first, that JOSE MINAYA participated in the charged conspiracy, and second, that JOSE MINAYA did so with knowledge of, and in furtherance of, its unlawful purposes.  Let me say one other thing about the knowledge element regarding the objectives or purposes of each the conspiracy.  In determining whether the defendant acted knowingly and intentionally regarding the objectives or purposes of conspiracy, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant regarding the objects of the conspiracy cannot be established by showing that the defendant was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact that is material and important to one's conduct in order to escape the consequences of criminal law.  Thus, with respect to the conspiracy charged in the Indictment, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that he and his co-conspirators intended to distribute or possess with intent to distribute

25

cocaine, crack or heroin, but that he deliberately and consciously avoided confirming these facts, then you may treat this deliberate avoidance as the equivalent of knowledge, unless you find that the defendant actually believed that he was not agreeing to distribute or possess with intent to distribute narcotics.

I would also like to point out that this legal principle regarding the "deliberate closing of eyes" has no bearing on whether either conspiracy existed in the first place or even whether the defendant became a member of the conspiracy. Rather, if the Government proves beyond a reasonable doubt that the conspiracy charged in the Indictment existed and that the defendant became a member of the conspiracy, the Government may then prove that the defendant acted with knowledge of the illegal objective or purpose by showing that he deliberately closed his eyes to what otherwise would have been obvious.

> Adapted from the charge in United States v. Mang Sun Wong, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge), cert. denied, 493 U.S. 1082 (1990).
>
> "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts [sic], but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990).

See United States v. Rodriguez, 983 F.2d
455, 457-58 (2d Cir. 1993) (clarifying
when charge is appropriate: "[T]he charge
is warranted only if the evidence is such
that a rational juror may reach that
conclusion beyond a reasonable doubt").
See also United States v. Lanza, 790 F.2d
1015, 1022 (2d Cir.) (same), cert.
denied, 479 U.S. 861 (1986); United
States v. Guzman, 754 F.2d 482, 489 (2d
Cir. 1985) (same), cert. denied, 474 U.S.
1054 (1986).

## REQUEST NO. 12
### Venue

In addition to the foregoing elements of the offenses, you must consider whether any act in furtherance of the crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan and the Bronx.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime occurred within this district.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant of this charge.

> Adapted from the charges of the Honorable Michael
> B. Mukasey in United States v. Abdul Latif Abdul
> Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and Tr. at
> 439; the Honorable Charles S. Haight, Jr. in United
> States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991),
> and from Sand et al., Modern Federal Jury
> Instructions, Instr. 3-11.  See also United States

28

v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), <u>cert</u>. <u>denied</u>, 112 S. Ct. 660 (1991).

**REQUEST NO. 13**
**Variance In Dates**

The Indictment refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charged of Judge Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of Judge Charles Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

## REQUEST NO. 14
## Particular Investigative Techniques Not Required
### [If applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

31

**REQUEST NO. 15**
**Use Of Evidence Obtained Pursuant To Arrest Or Search**

You have heard testimony that law enforcement agents obtained evidence through various searches conducted at different locations.  The evidence obtained at the time of the defendant's arrest and through searches was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Judge Pierre N. Leval
in United States v. Ogando, 90 Cr. 469 (PNL)
(S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992)
and in United States v. Mucciante, 91 Cr. 403 (PNL)
(S.D.N.Y. 1992).

## REQUEST NO. 16
## Law Enforcement Witnesses

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

33

### REQUEST NO. 17
### Preparation of Witnesses
### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

    Charge of Hon. Michael B. Mukasey in United States
    v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM)
    (S.D.N.Y. 1999).

34

## REQUEST NO. 18
## Use Of Recordings

The government has offered evidence in the form of tape recordings of telephone calls with the defendant which were obtained without the knowledge of the parties to the conversations, but with the consent and authorization of the court. These so-called "wiretaps" were lawfully obtained. Whether you approve or disapprove of the interception and recording of these conversations may not enter your deliberations.  I instruct you that the conversations were lawfully recorded and that no one's rights were violated. The use of this procedure to gather evidence is entirely lawful.  You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case.

> Sand, Modern Federal Jury Instructions, Instr. 5-11;
> adapted from the charge of Judge Pierre N. Leval in
> United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y.
> 1992).

35

**REQUEST NO. 19**
**Transcripts as Evidence**

In connection with the tape recordings that you have heard, you were provided with English transcripts of the Spanish conversations to assist you while the English portions of the transcripts were read to you and while you were listening to the tape recordings.  I instructed you then, and I remind you now that it is the English translation of the transcript that is the evidence. I emphasize to you that even if you understand Spanish, it is still the English translation of the transcript that is the evidence and not the Spanish tape recordings, nor the Spanish transcripts of those conversations.

    Adapted from the charge of Chief Judge Michael B. Mukasey in <u>United States</u> v. <u>Moyhernandez</u>, 97 Cr. 197 (MBM) (S.D.N.Y. 2000).

36

**REQUEST NO. 20**
**Stipulation of Facts**
**[If Applicable]**

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed facts as true.

Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>,
Instr. 5-6.

## REQUEST NO. 21
## Stipulation of Testimony
## [If Applicable]

In this case you have heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from Sand et al., Modern Federal Jury Instructions, Instr. 5-6 & 5-7.

### REQUEST NO. 22
### Persons Not On Trial Or Not Indicted

Some of the people who may have been involved in the events leading to this trial are not on trial today. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from Judge Werker's charge in
> United States v. Barnes et al., S 77 Cr.
> 190 (Nov. 29, 1977), aff'd, 604 F.2d 121
> (2d Cir. 1979), cert. denied, 446 U.S.
> 907 (1980).

> Adapted from Judge Pollack's charge in
> United States v. Bynum, 71 Cr. 1169

(S.D.N.Y. 1971), and from Sand, <u>et al.</u>, <u>Modern Jury Instructions</u>, Instr. 3-4.

Adapted from the charge of Judge Leisure in <u>United States</u> v. <u>Parra and Ortega</u>, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

**REQUEST NO. 23**
**Defendant's Right Not to Testify**
**[If Requested by Defense]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

41

## REQUEST NO. 24
## Defendant's Testimony
## [Requested Only If Defendant Testifies]

The defendant, JOSE MINAYA, testified at trial.  You should examine and evaluate his testimony just as you would the testimony of any other witness in the case.

Adapted from <u>United States</u> v. <u>Gaines</u>, 457 F.3d 238 (2d Cir. 2006).

42

**REQUEST NO. 25**
**Character Testimony**
**[If Applicable]**

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crime charged.

> Adapted from the charge in <u>United</u> <u>States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  <u>See</u> <u>United</u> <u>States</u> v. <u>Pujana-Mena</u>, <u>supra</u>, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  <u>Id</u>. at 30 (citations omitted).

43

**REQUEST NO. 26**
**Uncalled Witness --**
**Equally Available to Both Sides**
**[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

44

**REQUEST NO. 27**
**Cooperator Testimony -- Guilty Plea**
**[If applicable]**

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of similar facts to those in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that any prosecution witness pled guilty to criminal charges. The decision of that witness to plead guilty was a personal decision that witness made about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> United States v. Ramirez, 973 F.2d 102,
> 104-06 (2d Cir. 1992) (specifically
> approving charge and holding that it is
> reversible error not to give such a
> charge if requested, unless there is no
> significant prejudice to defendant).

45

### REQUEST NO. 28
### Acts and Statements of Co-Conspirators
### [If Applicable]

You will recall that I have admitted at this trial evidence of the statements of individuals who, the Government claims, were confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of either conspiracy by a person also found by

you to have been a member of the same conspiracy may be considered against that defendant.  This is so even if such acts were committed or such statements were made in that defendant's absence, and without that defendant's knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of an unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Salam, S1 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

### REQUEST NO. 29
### Accomplice Testimony

You have heard from one or more witnesses who testified that they were actually involved in planning and carrying out the crime charged in the Indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices is properly considered by the jury. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

48

Because of the possible interest an accomplice may have in testifying, however, the accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether accomplice witnesses -- like any other witnesses called in this case -- have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony about agreements between the Government and the witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom

49

before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

50

Adapted from 3 Leonard B. Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 7-5; from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in <u>United States</u> v. <u>Projansky</u>, 465 F.2d 123, 136-37 n.25 (2d Cir.) (specifically approving charge set forth in footnote), <u>cert</u>. <u>denied</u>, 409 U.S. 1006 (1972).

<u>See United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), <u>cert</u>. <u>denied</u>, 444 U.S. 1082 (1980), and <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same). <u>See also United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

**Request. No. 30**
**Limiting Instruction -- Similar Act Evidence**
**[If Applicable]**

You will recall that some evidence introduced by the Government was received for a limited purpose. Specifically, you heard testimony regarding the defendant's narcotics dealing activity from the late 1990's until 2004. The Government offered this evidence to demonstrate the defendant's intent and knowledge and to establish the absence of mistake or accident with regard to the offenses that are charged in the instant indictment. You may not consider this evidence as a substitute for proof that the defendant committed any of the crimes charged in the Indictment. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence was admitted for a much more limited purpose and you may consider it only for that limited purpose.

Specifically, if you determine that the defendant committed any of the acts charged in the Indictment, then you may, but you need not, draw an inference from this that the defendant acted knowingly and intentionally with respect to the specific charge, as charged in the Indictment, and not because of some mistake, accident, or other innocent reasons. The evidence of the defendant's prior narcotics

dealing may not be considered by you for any other purpose than what I have just explained to you.

> Adapted from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from 1 Sand, <u>Modern Federal Jury Instructions</u>, Instruction 5-25; <u>see also United States</u> v. <u>Pitre</u>, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**REQUEST NO. 31**
**Sympathy: Oath As Jurors**

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from 1 Sand Modern Federal Jury Instructions, Instr. 2-12 and from the charge of the Honorable Irving Kaufman in United States v. Davis, aff'd, 353 F.2d 614 (2d Cir. 1965), cert. denied, 384 U.S. 953 (1966).

**REQUEST NO. 32**
**Punishment Not to be Considered by the Jury**

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations. The duty of imposing sentence is mine and mine alone. Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in United States v. Drucker (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in United States v. Bruswitz, aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert. denied, 349 U.S. 913 (1955); and the Honorable Harold L. Tyler in United States v. Natelli, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-80, aff'd, 527 F.2d 311 (2d Cir.), cert. denied, 425 U.S. 934.

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charge of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your

56

fellow jurors.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without

fear, without favor and without prejudice or sympathy.


Adapted from the charge of the Honorable Arnold
Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167,
Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See also</u> <u>United
States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26
(S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).


Dated:    New York, New York
          April 17, 2008


                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States
                        of America


                   By:_____
                        TODD BLANCHE
                        PARVIN MOYNE
                        MIRIAM ROCAH
                        Assistant United States Attorneys
                        Telephone: (212) 637-2510/2494/2810


58

## AFFIRMATION OF SERVICE

TODD BLANCHE, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That, on April 17, 2008, I caused one copy of the within Government's Requests To Charge to be delivered via the Court's electronic filing system to:

> Elizabeth Macedonio, Esq.,
> 42-40 Bell Boulevard, Suite 302
> Bayside, New York 11361.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          April 17, 2008

                              _____
                              TODD BLANCHE

59